UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NATIONAL BUILDERS INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                  **Case No: 6:17-cv-977-Orl-41KRS**

**BRADFORD BUILDING CORPORATION and KATHERINE BARADARAN,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment ("Motion," Doc. 38). Plaintiff asks the Court to enter summary judgment against Defendants Bradford Building Corporation ("Bradford") and Katherine Baradaran. Baradaran failed to file a response to Plaintiff's Motion, and Plaintiff has filed a Notice (Doc. 40), representing that it conferred with Baradaran's counsel, who advised that Baradaran does not oppose Plaintiff's Motion. Accordingly, Plaintiff's Motion will be granted as to Baradaran.

However, Bradford has not appeared in this action, and a clerk's default was entered against it on August 11, 2017. (Clerk's Entry of Default, Doc. 20). The appropriate procedure against a defendant in default is a motion for default judgment, not a motion for summary judgment. *See Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc.*, 648 F. Supp. 1580, 1582–83 (M.D.N.C. 1986) (holding that a motion for default judgment, rather than a motion for summary judgment, was the "appropriate avenue of relief" against a party subject to clerk's default). Therefore, Plaintiff's Motion will be denied as to Bradford. If Plaintiff wishes to obtain a judgment against

Bradford, it should file a motion for default judgment, containing a memorandum of law establishing that it is entitled to default judgment. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("[B]efore entering a default judgment . . . the district court must ensure that the well-pleaded allegations in the complaint . . . actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.") (emphasis omitted).

Based on the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 38) is **GRANTED in part**. It is **GRANTED** as to Defendant Katherine Baradaran but **DENIED** as to Defendant Bradford Building Corporation.

2. **On or before September 27, 2018**, Plaintiff shall file a motion for default judgment against Defendant Bradford Building Corporation.

3. Once all claims have been resolved in this matter, judgment will be entered accordingly.

**DONE** and **ORDERED** in Orlando, Florida on August 27, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record